## WORCESTER COLOR COMPANY *v.* HENRY WOOD'S SONS COMPANY.

Norfolk. November 18, 1910. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Accord and Satisfaction. Payment. Corporation,* Dissolution. *Words,* " In full to date," " Suit," " Pending."

The proposition, that the acceptance and collection of a check, proffered upon the condition that it is in full settlement of an unliquidated claim, even though accompanied by protestations that it is not so received, bars any attempt to collect the balance, is supported by the great weight of authority. Remark of RUGG, J.

The use of the words " in full to date " or an equivalent phrase in connection with the payment of a controverted claim does not necessarily create an accord and satisfaction, and often, although these words have been used, it is a question of fact whether the acceptance of the payment constituted an accord and satisfaction.

In an action for the price of certain goods the defendant admitted that the goods had been sold and delivered to him by the plaintiff but alleged that there had been an accord and satisfaction. It appeared that, about a week after the goods were sold and delivered, a contract in writing was made by the parties for the sale of other articles, and that later the payments called for by the contract in writing were made in full. The defendant, when asked to pay for the goods in question, asserted that they had been included in the contract in writing. This was denied by the plaintiff. In the month following the making of the contract in writing the plaintiff shipped to the defendant a consignment of pulp blue, which the defendant had ordered in a separate transaction. There was a dispute between the parties as to the quantity and the quality of the pulp blue and as to the price to be paid for it. After correspondence, the plaintiff sent to the defendant a corrected bill for the pulp blue, stating as the amount due a sum considerably less than that originally claimed. The defendant thereupon returned the corrected bill in a letter, saying, " Enclosed please find check for your account in full," naming the amount of the corrected bill for the pulp blue. Enclosed was a check for that amount on which was written "in full to date." The plaintiff, after consultation with his attorney, drew a pen through the words " in full to date," collected the check in ordinary course and sent the receipted bill to the defendant with a letter, in which he said that the check was in settlement of the invoice of the pulp blue and was not in full for all claims, and asked the defendant to remit the price of the goods now sued for. It was plain as matter of law that the contract in writing between the parties did not include the items in dispute as the defendant wrongly had supposed and asserted. *Held,* that the letter of the defendant, in which the check was transmitted, and the words written upon the check, in the light of all the transactions between the parties, were not so plain and unequivocal as to warrant a ruling of law that they meant an offer of the check upon the condition that, if ac-

cepted, it would be in full settlement of all disputed claims, that the burden of proving the defense of an accord and satisfaction was on the defendant, and that the question whether he had sustained that burden was one of fact for the jury. In St. 1907, c. 290, dissolving by § 1 a large number of corporations there enumerated, subject to the provisions of St. 1903, c. 437, §§ 52, 53, and providing in § 2 that "nothing in this act shall be construed to affect any suit now pending by or against any corporation mentioned in the first section of this act," the word "suit" includes an action at law, and the word "pending" includes an action in which the writ is dated four days before the statute took effect, although it was not served on the defendant until five days after the statute took effect.

RUGG, J.   This is an action of contract to recover the price for two bills of merchandise.*   There is no controversy between the parties that the goods were sold and delivered and that the prices charged were fair.   The only defense is that there has been an accord and satisfaction.

The course of dealings between the parties was this : On March 19, 1906, the defendant ordered of the plaintiff six barrels of Milori blue, and on March 21, 1906, two hundred and twenty-six pounds of Chinese blue, which were shipped on these days respectively.   On March 28, 1906, a written contract was made by which certain machinery and other chattels were sold by the plaintiff to the defendant for $5,000 to be paid in instalments.   On the same date but by a separate transaction the defendant agreed to buy of the plaintiff a lot of pulp blue.   The pulp blue was invoiced and shipped on April 16, 1906, in three different items the prices charged aggregating $532.07.   Thereafter the defendant asserted that the shipments of March 19 and 21 were included in the contract of March 28, and that the $5,000 therein stipulated was to pay for the earlier sales.   It further asserted that the pulp blue was larger in quantity and poorer in quality than had been represented, while the plaintiff asserted that it corresponded with the representation both as to quality and quantity.   There were communications between representatives of the plaintiff and the defendant touching these matters.   Ultimately the defendant paid the $5,000 called for by the written contract of March 28, 1906, but did not pay for the invoiced goods.   On December 24, 1906,

---

* The two items were as follows :

"Mar. 19, 1906, 6 bbls. 1019 lbs. light milori blue at    $ .25   $254.75
"Mar. 21, 1906, 226 lbs. no. 35 Chinese blue at               .25     56.50 "

The writ was dated April 9, 1907, and was served on the defendant on April 18, 1907.   The declaration was filed on April 27, 1907.

the plaintiff sent the defendant a corrected bill for the pulp blue, reducing it by $210.76, and making the total $321.31, together with a letter explaining that the reduction was made in accordance with a letter of May 1, 1906, from the plaintiff to the defendant, in which it was stated that the reduction in price was made "with the understanding that all other payments for material will be paid for according to invoices and contract." On January 11, 1907, the plaintiff wrote to the defendant again asking for a remittance. The defendant made no reply to either of these communications until March 13, 1907, when it returned the corrected bill for the pulp blue invoice of April 16, 1906, showing the amount due to be $321.31 together with a check for that sum, on which was written "in full to date" and a letter saying "Enclosed please find check for your account in full $321.31." The letter did not refer specifically to the invoices of March 19 and 21, 1906. Thereupon the president of the plaintiff after consultation with his attorney drew a pen through the words upon the check, "in full to date," collected it in ordinary course and sent the receipted bill to the defendant with a letter in which he said that the check was in settlement of the April 16, 1906, invoice and was not in full for all claims and asking remittance for the items here in litigation.*

In this posture of the evidence, the presiding judge † instructed the jury as matter of law that the sales of March 19 and 21, 1906, being the subject of this action, were not included in the written agreement of sale of March 28, 1906. This was plainly right, and it is not now contended otherwise by the defendant. He

---

* This letter of the plaintiff's president was dated March 18, 1907. The whole of the letter, omitting the address and the signature, was as follows : "Referring to your favor of the 13th, reply to which has been delayed on account of writer's absence, we acknowledge receipt of your check for $321.31 in settlement April 16th, 1906, invoice. It does not settle the account in full, however, as your letter reads, and we ask that you send us check for the balance of account. There is no reason under the sun why you should not pay March 21st invoice of $56.50, goods shipped to International Carbon Paper Co. for you probably received your money a long time ago. Invoice of March 19, 1906, is also due, and has got to be paid. It has absolutely nothing to do with contract as we have explained a number of times. Please let us hear from you at once, as the matter has dragged as long as we think it ought to."

† *Lawton*, J.

further ruled in substance that the defendant was honest in its contention that the goods here sued for were included in the written contract of March 28. Unless this was assented to by both parties, it was too favorable to the defendant, for whether the dispute was genuine or not, especially in view of the correct ruling of law that they were not so included, was a question of fact, which was for the jury unless by agreement there was no issue about it. He also left it to the jury to say whether there had been an accord and satisfaction. He ruled that it was a question of fact to be decided upon the testimony, correspondence, and all the circumstances, whether the defendant at the time the check was sent and the plaintiff at the time it was re-. ceived and deposited understood or ought to have understood as reasonable men that it was an accord and satisfaction of all outstanding claims between them, and that if the defendant made known to the plaintiff that the payment was on the condition that it should be received in full satisfaction of both its claims against the defendant, or if the plaintiff ought reasonably to have understood that this check was sent to be used only upon that condition, the plaintiff, having accepted it, could not recover. The language of the letter of the defendant which transmitted the check and the words written upon the check in the light of all the transactions between the parties were not so plain and unequivocal as to warrant a ruling of law that any rational person ought to have understood that they meant an offer of the check upon the condition that if accepted it would be in full settlement of all disputed claims. There had been two subjects of controversy between the parties: one was whether the invoices of March 19 and 21 were included in the written contract of March 28 for an entire price. About this the parties were wholly at variance, and there had been no suggestion of compromise, each having endeavored by correspondence to convince the other of its error. This disagreement was about the construction of the terms of a written contract and was a question of law. The other controversy related to the price which should be charged for some pulp blue. This controversy did not relate to liability, for the defendant admitted its liability, but to the amount for which it was liable and was wholly a question of fact. The defendant asserted its readiness to pay this account when a

corrected bill was sent to it. After such a bill had been sent, the defendant returned it to the plaintiff with the check which was for the precise amount of this bill, together with the letter, which did not refer in terms to any other matter than the bill. There is much to be said in support of the contention that the fair inference from the use of the words " for your account in full " in the defendant's letter and " in full to date " on the check, read in the light of the previous relations of the parties, and of the fact that statement for the pulp blue alone was enclosed, referred only to the pulp blue account. It was at least susceptible of this construction. But it is strongly urged that the action of the president of the plaintiff and his letter acknowledging the check show clearly that he understood it to be tendered by the defendant upon condition that it was in full satisfaction of all outstanding claims, and that by acceptance and collection of it the plaintiff became bound to the condition upon which it was offered. The proposition that the acceptance and collection of a check, proffered upon the condition that it is in full settlement of an unliquidated claim, even though accompanied by protestations that it is not so received, bars any attempt to collect the balance, is supported by the great weight of authority. (See *Seeds Grain & Hay Co.* v. *Conger*, 83 Ohio St. 169, and cases collected in 1 Encyc. L. & P. 629, *et seq.* But see also 17 Harv. Law Rev. 459–469, and *Day* v. *McLea*, 22 Q. B. D. 610.) The letter and testimony of the plaintiff's manager does not go so far as to amount to an admission as matter of law that he came within this principle. It may be assumed that his erasure of the words " in full to date " from the check was unauthorized and did not affect the rights of the defendant. *Hull* v. *Johnson & Co.* 22 R. I. 66. *Gribble* v. *Raymond Van Praag Supply Co.* 124 App. Div. (N. Y.) 829. *Hussey* v. *Crass*, 53 S. W. Rep. 986. His words and actions are capable of the construction that he understood that the check was in full only of the theretofore disputed pulp blue account, inasmuch as it was for the exact amount of the bill for those goods with which alone it was enclosed, and that he was cautiously guarding against any possible misconstruction which might be attached to the situation later. It is not every use of the words " in full to date " or equivalent phrase which constitutes an accord and satisfaction

in connection with the payment of a controverted claim. Many cases have arisen where the conditions have been such as make it a question of fact whether there has been an accord and satisfaction, even though these words have been used where a payment has been made. This case falls within that class.*

It is rarely that a presiding judge can rule as matter of law that a burden of proof, depending upon inferences from circumstances and oral testimony, has been sustained. Usually a question of fact is presented. Here the defendant was bound to make out its defense of accord and satisfaction, and it cannot be said that the jury had no right to find that the president of the plaintiff, when he received the defendant's check and letter, understood that it was sent for the pulp blue bill, which accompanied it and which was much smaller than at first claimed. In the opinion of a majority of the court the defendant's requests for instructions,† so far as not given in substance, were rightly refused, and the charge was sufficiently favorable to it upon this branch of the case.

After the verdict, ‡ which was returned on January 18, 1910, and after the filing of the bill of exceptions but before it was allowed, the defendant filed a motion to dismiss the action on the ground that the plaintiff corporation was dissolved by St. 1907, c. 290, which took effect on April 13, 1907. Section 2 of this act provided that " nothing in this act shall be construed to affect any suit now pending by or against any corporation mentioned in the first section of this act." Suit is used in this statute as a comprehensive word " To apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice, which the law affords " and includes an action at law. *Weston* v. *City Council of Charleston,* 2 Pet. 449, 464. *Kohl* v. *United States,* 91 U. S. 367, 375. See *Boston* v.

---

* *Laroe* v. *Sugar Loaf Dairy Co.* 180 N. Y. 367. *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289, 299. *Krauser* v. *McCurdy,* 174 Penn. St. 174. *Mortlock* v. *Williams,* 76 Mich. 568. *Rosenfield* v. *Fortier,* 94 Mich. 29, 34. *Louisville, New Albany & Chicago Railway* v. *Helm,* 22 Ky. Law Rep. 964. *Rapp* v. *Giddings,* 4 So. Dak. 492. *McKay* v. *Myers,* 166 Mass. 312. *Nathan* v. *Ogdens,* 93 L. T. (N. S.) 553; *S. C.* 94 L. T. (N. S.) 126.

† These were in substance that the plaintiff's acceptance and collection of the check constituted an accord and satisfaction.

‡ For the plaintiff in the sum of $359.98.

*Turner,* 201 Mass. 190, 196. This writ was dated on April 9, 1907, and this action was therefore commenced before the statute went into effect. It was pending within the meaning of that word in § 2. Although in some connections "pending" is not properly descriptive of an action until it is entered in court (*Commonwealth* v. *Churchill,* 5 Mass. 174, 180; *Federhen* v. *Smith,* 3 Allen, 119), commonly an action is pending from the date of the writ. The effect of the language quoted from § 2 was to keep alive any suit then pending, notwithstanding the reference in § 1 to St. 1903, c. 437, §§ 52, 53, which continues the corporate existence of dissolved corporations for three years only (*inter alia*) for the purpose of prosecuting and defending suits. Hence *Thornton* v. *Marginal Freight Railway,* 123 Mass. 32, does not govern. *Pomeroy* v. *Bank of Indiana,* 1 Wall. 23. *Taylor* v. *Bowker,* 111 U. S. 110, 116.

*Exceptions overruled.*

The case was argued at the bar in November, 1910, before *Knowlton,* C. J., *Morton, Loring, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*H. S. Davis,* for the defendant.

*P. M. Lewis,* for the plaintiff.