New England Auto Investment Co. *vs.* Harold B. Andrews.

NOVEMBER 13, 1925.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Exceptions.   Jurisdiction.*

Ordinarily on exceptions the appellate court will consider only those matters appearing on the record, and brought before it by the bill, but where a party questions the jurisdiction of both the trial and the appellate court in the cause the court will pass upon such matter.

*(2)   Foreign Corporations.   Dissolution of Corporation.   Right to Prosecute Action.*

Where an action was brought by a foreign corporation, and prior to trial the corporation was dissolved under the laws of the State of its domicile, under an Act which provided that such dissolution should not "affect any suit now pending by or against any corporation mentioned herein", the power of the plaintiff to prosecute the suit at bar was unimpaired at the time of trial.

Assumpsit.   Heard on motion to dismiss for want of jurisdiction and denied.

Sweetland, C. J.   The above entitled case was tried before a justice of the Superior Court sitting with a jury. After verdict for the plaintiff the defendant filed a bill of exceptions and the cause is now pending in this court upon the defendant's bill.

The case is before us at this time upon the defendant's motion filed here asking that the case be dismissed on the ground that the plaintiff, a corporation organized under the laws of Massachusetts, was in 1921 dissolved by a special act of the General Court of Massachusetts, and is without power to prosecute this action.

Ordinarily in a case certified upon a bill of exceptions this court will consider only those matters appearing on the record and brought before us by the bill.   This defendant, however, now questions the jurisdiction of the Superior Court and of this court in the cause.   We will therefore consider and pass upon the defendant's motion although it

concerns matters not appearing upon the record certified from the Superior Court.

The action was commenced May 11, 1918. The case was tried in the Superior Court and verdict rendered May 20, 1925. The plaintiff corporation was dissolved under the provisions of Chapter 243, Laws of the Commonwealth of Massachusetts which took effect March 31, 1921. We shall consider whether the plaintiff corporation although dissolved for other purposes was thereby deprived of its power to continue to prosecute this suit.

This court has held that a foreign corporation may exercise in this state all the powers given to that corporation by its charter, or by the laws of the state of its creation, in so far as such exercise is not repugnant to our laws. *Riddell v. Rochester German Ins. Co.*, 35 R. I. 45. The continued prosecution of this suit by the plaintiff after dissolution is not inconsistent with any provisions of our law. If the plaintiff was a dissolved domestic corporation the power to prosecute the suit would continue under General Laws 1923, Chapter 248, Section 63.

The defendant has cited to us the provisions of Sections 51 and 52 of Chapter 155 of the General Laws of Massachusetts, 1921, providing in substance among other things that every corporation whose corporate existence for other purposes is terminated in any manner shall nevertheless be continued as a body corporate for three years after such termination for the purpose of prosecuting and defending suit and for the purpose of any suit brought by or against it within such period of three years for a further period of sixty days after final judgment in the suit, and that in case of the appointment of a receiver for such corporation by either the Supreme Judicial or the Superior Court of Massachusetts for such period as such court may permit. This suit was commenced before the dissolution of the plaintiff, the trial and verdict were more than three years after the dissolution, and a receiver has not been appointed for the plaintiff. It thus appears that under the provisions of

these sections of the General Laws of Massachusetts at the time of trial this plaintiff was without power to prosecute the suit at bar in Massachusetts.

The plaintiff, however, in company with a number of other Massachusetts corporations, was dissolved by a special act termed an emergency act (Chapter 243, Massachusetts Laws, 1921, *supra*). By the first section of that act it was provided that said corporations were dissolved subject to the provisions of Sections 51 and 52 of Chapter 155 of the General Laws, the substance of which sections we have recited above. Section 2 of said emergency act however provided as follows: "Section 2. Nothing in this act shall be construed to affect any suit now pending by or against any corporation mentioned herein". The defendant contends that Section 2 of the act was not intended to enlarge the powers of the dissolved corporations beyond that conferred in Section 1 which subjected them to the provisions of Sections 51 and 52 of Chapter 155 of the General Laws. We do not consider that to be a reasonable construction of these statutory provisions. The legislative intent is clearly expressed in Section 2 that, as to suits by and against these corporations pending at the time of their dissolution, their corporate existence should be extended and their corporate powers continued. Under said Section 2 we must hold that the power of this plaintiff to prosecute the suit at bar was unimpaired at the time of trial and verdict in its favor. This is the construction placed upon a similar statutory provision by the Supreme Judicial Court of Massachusetts in *Worcester Color Co.* v. *Henry Wood's Sons Co.*, 209 Mass. 105.

The defendant's motion to dismiss is denied. The case will stand for hearing upon the defendant's bill of exceptions.

*McGovern & Slattery, Fred B. Perkins,* for plaintiff.

*Benjamin W. Grim,* for defendant.