JEREMIAH J. QUIRK v. EARNEST E. SMITH & others.

Suffolk.    December 11, 1928. — October 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bankruptcy*, Settlement by compromise.  *Election.  Equity Jurisdiction*,
To reach and apply equitable assets.  *Equity Pleading and Practice*,
Appeal.

In a suit in equity under G. L. c. 214, § 3 (7), to reach and apply property
of a member of a firm of stockbrokers in payment of a debt alleged to
be due to the plaintiff from the firm, it appeared that the plaintiff's
claim was for sums of money paid to the firm by reason of false and
fraudulent representations of one of its members;  that the firm had
been adjudicated bankrupt;  that in the bankruptcy proceedings the
plaintiff had filed a petition for reclamation of the funds he had paid
on the ground that, by reason of the fraud of the bankrupts, the money
had become impressed with a trust and should be returned to him;
that the plaintiff also had made oath to a proof of a claim for the
same amount in the bankruptcy proceedings;  that on petition by
the trustee in bankruptcy, allowed by the referee in bankruptcy, the
petition for reclamation was compromised by the payment of a sum
of money and the plaintiff was allowed to prove as a general creditor
for his full claim, entitled, "To money wrongfully received and wrong-
fully converted to their . . . [the bankrupts'] own use," and received
dividends thereon.  There was no express reservation of any right
further to pursue the claim against the firm or its members.  The
bankrupts afterward were discharged in bankruptcy.  No release under
seal was delivered by the plaintiff.  The suit in equity was for a balance
of the entire claim.  A master who heard the suit found that the
plaintiff "did not intend to waive any claim that he might have against
the three partners individually outside of the bankruptcy court, that
nothing was said on the subject one way or another at the time the
agreement was made, and that he intended then to compromise only
the claim that was in that court."  The suit was dismissed.  *Held*,
that

(1) The claims presented by the plaintiff in the bankruptcy court
were contractual in nature;

(2) On the pleadings in the bankruptcy court, the compromise there
effected without express reservation of rights against the individual
partners put an end to the plaintiff's entire claim, and therefore the
bill rightly was dismissed;

(3) It was immaterial that no release under seal was given by the
plaintiff;

(4) The facts, that the plaintiff intended to compromise only the claim in the bankruptcy court, and that he did not intend to release or to waive any claim that he might have against the partners individually outside the bankruptcy court, were immaterial;

(5) The rule of law that, if the plaintiff had proved his entire claim in bankruptcy, with no other proceedings, the bankrupts' discharge in bankruptcy would not release them from provable debts founded on liability for obtaining property by false representations and the plaintiff still might have pursued the bankrupts individually, was not applicable because the plaintiff's proof of claim and receipt of dividends were part of a compromise of his petition for reclamation of moneys procured from him by fraud.

*Whether* the plaintiff in the suit above described was barred by an election of alternative and inconsistent remedies, was not discussed.

*Whether* the cause of action set out in the bill above described was a claim of the character described in G. L. c. 214, § 3 (7), was not discussed.

If, on appeal for a final decree dismissing a suit in equity in the Superior Court, it appears that the dismissal was proper, the decree will be affirmed although the reason for the decision given by this court is different from that given by the Superior Court.

BILL IN EQUITY, filed in the Superior Court on October 26, 1926, and afterwards amended, described in the opinion.

In the Superior Court, the suit was referred to a master. Material facts found by him are stated in the opinion.

Upon a hearing by *Greenhalge*, J., the ruling described in the opinion was made and a decree dismissing the bill was entered. The plaintiff appealed.

*J. S. McCann*, for the plaintiff.

*H. S. Davis*, for the defendants.

RUGG, C.J. This is a suit in equity instituted on October 26, 1926, to reach and apply property of the defendants in payment of a debt alleged to be due to the plaintiff. G. L. c. 214, § 3 (7). It is prosecuted only against the defendant Niles. The case was referred to a master. The evidence is not reported. Hence his findings of fact must be accepted as final. Additional findings of fact were made by the trial judge. Thus it appears that the obligations sought to be established arose from payments aggregating $10,000, by the plaintiff to a firm of brokers in which Niles was a partner, induced by false representations by another member of the firm. The payments were made on Janu-

ary 12, 13 and 14, 1921. The partnership was adjudicated bankrupt on January 18, 1921. On March 14, 1921, the plaintiff filed a petition in the bankruptcy court alleging that at the time of the deposit of the money, the bankrupts knew that they were insolvent and would be unable to carry out the contract undertaken with the plaintiff, that the money remained in their possession when they were adjudicated bankrupt, and had passed to the possession of the trustee in bankruptcy; concluding with a prayer for an order that the money be impressed with a trust in favor of the plaintiff and returned to him. A similar petition, except that it recited that a demand for return of the money had been made on the day before the adjudication and that demand therefor had been made of the trustee in bankruptcy, with prayer that the trustee be ordered to pay the petitioner the sum of $10,000, was filed January 10, 1922. On the same day the plaintiff made oath to a proof in bankruptcy, claiming $10,000 as money wrongfully received and wrongfully converted to their own use by the bankrupts, and reciting that there was a counter claim of $3,590.59, which was disputed. On March 11, 1922, the trustee in bankruptcy filed a petition in the bankruptcy proceedings, stating "that in the matter of the petition in the nature of reclamation to recover $10,000," he had agreed with the petitioner (the present plaintiff) to compromise the petition by payment of $3,500, out of the assets of the estate, and praying that the compromise be allowed. After hearing, and by decree dated April 15, 1922, this petition was allowed. A further term of the compromise agreement between the trustee in bankruptcy and the petitioner (the present plaintiff), approved by the referee in bankruptcy but not referred to in the petition, allowed the plaintiff to prove as a general creditor for $10,000. The bankrupts were granted their discharges on March 13, 1922.

The plaintiff received $3,500 on April 21, 1922. On March 14, 1922, his claim of $10,000 "To money wrongfully received and wrongfully converted to their own use" was allowed. On this claim he received a dividend of ten

per cent, $1,000, on October 1, 1925; and in April, 1927, $724, as a further dividend. He has thus received in all $5,224 of his $10,000 from the assets of the bankrupt estate. He has also received, on or about April 30, 1928, from another of the partners, $4,000 on an agreement not to sue that partner further, but with reservation of all rights against the other partners.

The master found as a fact that in making his composition the plaintiff "did not intend to waive any claim that he might have against the three partners individually outside of the bankruptcy court, that nothing was said on the subject one way or another at the time the agreement was made, and that he intended then to compromise only the claim that was in that court." He further found that the trustee in bankruptcy did intend that that compromise should settle definitively any claim that the plaintiff might have against the bankrupts' estate, but that the plaintiff's counsel then hoped and later tried to obtain from any funds that might be in the hands of the trustee in bankruptcy, after a final dividend was paid, a further and additional payment to the plaintiff; and, while no assurance was given by the trustee in bankruptcy, such possibility was from time to time discussed between the trustee in bankruptcy and the plaintiff, and the trustee later arranged a conference with the referee in bankruptcy to discuss it. Whether, "regardless of the intentions of the plaintiff, the effect of these proceedings was as a matter of law to compromise the claim," the master left for the court to determine as a question of law.

After confirmation of the report of the master, a judge in the Superior Court ruled and found, on hearing on final decree, that, in seeking to follow the funds in the hands of the trustees and in accepting the compromise of his claim, the plaintiff had elected to disaffirm the original transaction and could not maintain the bill. A decree dismissing the bill with costs as to all defendants was entered. The case is before us upon appeal from this decree.

It is contended that from beginning to end the plaintiff's action has been in disaffirmance of the contract. As the payment by him was induced by false representations, he had a right to rescind the agreement and to get back the money delivered. He rescinded; and he demanded his money back by his petition for reclamation. He based his proof in bankruptcy on the obligation to return money held wrongfully by the partnership.

It seems plain that the claims presented by the plaintiff in the bankruptcy court were contractual in nature. This follows from the settled law that claims arising purely *ex delicto* cannot be proved under the present bankruptcy act. It was said in *Schall* v. *Camors*, 251 U. S. 239, at page 251: "Upon every consideration, we are clear that claims based upon a mere tort are not provable. Where the tortious act constitutes at the same time a breach of contract a different question may be raised, with which we have no present concern; and where, by means of the tort, the tort-feasor obtains something of value for which an equivalent price ought to be paid, even if the tort as such be forgiven, there may be a provable claim *quasi ex contractu*. *Crawford* v. *Burke*, 195 U. S. 176, 187; *Tindle* v. *Birkett*, 205 U. S. 183, 186; *Clarke* v. *Rogers*, 183 Fed. Rep. 518, 521–522; affd. 228 U. S. 534, 543."

The plaintiff in his brief in the present case concedes that he had disaffirmed his contract with the bankrupts and was proceeding in the bankruptcy court on the assertion of contractual claims. He bases a part of his argument on the proposition that his petitions for reclamation and his proof of claim all rested on disaffirmance of his contract with the bankrupts and on the theory that, because of the unjust enrichment of the bankrupts' estate through their fraudulent act, a contractual obligation arose by implication of law to repay to him the money thus fraudulently taken from him.

The proceedings of the plaintiff in the bankruptcy court, after disaffirmance of the contract were "founded upon an open account, or upon a contract express or implied,"

bankruptcy act, § 63a (4), as those words are explained in *Crawford* v. *Burke,* 195 U. S. 176, 187–194. The bankruptcy court could not rightly have entertained the plaintiff's proceedings if they had not been founded upon claims in contract. The situation in the bankruptcy court was that the plaintiff had two petitions for reclamation (which may be treated as one proceeding for the purposes of this discussion) and the petition for proof of his claim. These proceedings hardly can be pronounced incompatible. They were designed for one purpose, namely, to recover the $10,000 taken from him by the fraud of the bankrupts. The plaintiff had a right to pursue all appropriate remedies to recover this sum. If the plaintiff prevailed on the allegations of his reclamation petition, he would recover the entire sum. That petition was a strictly adversary proceeding against the estate in bankruptcy. If he failed utterly on those allegations, he could prove his claim only as a general creditor. In these circumstances the plaintiff and the trustee reached an agreement for compromise. That agreement was that the plaintiff was to prevail on his reclamation proceedings to the extent of $3,500, and was to prove his claim for $10,000. This arrangement of compromise was approved by the court. Except for the factor that this was a compromise of conflicting contentions, it is difficult to see how the proof of the claim for the entire $10,000, and payment of the dividends thereon, without deduction for the amount reclaimed, could have been justified. In this compromise agreement and payment of $3,500 on reclamation proceedings there was no reservation of rights against other persons or against the partners individually. We are of opinion that on the pleadings in the bankruptcy court a compromise of the nature here set forth without express reservation of rights against individual partners is the end of the whole claim. The compromise included the claim made by the petition for reclamation of the entire $10,000. That was compromised by order of court and with assent of the plaintiff. It was not in the nature of an allowance of the claim for a

specified amount by judicial order. It was a compromise. It gave the plaintiff much more than the percentage by way of dividends due on his proof of claim on the same footing with all the other creditors. A compromise of a claim of that nature wipes out the claim. It stands on the same footing as would a compromise between the parties in the country. "Money paid, which is to be in full for an unliquidated or a disputed claim, is taken in discharge of it, and constitutes a full defence against any further assertion of the claim." *Stimpson* v. *Poole*, 141 Mass. 502, 505. *Barlow* v. *Ocean Ins. Co.* 4 Met. 270, 275. *Kerr* v. *Lucas*, 1 Allen, 279. *Kennedy* v. *Welch*, 196 Mass. 592, 596. *Boston Supply Co.* v. *Rubin*, 214 Mass. 217, 220. *McCoy* v. *Milbury*, 87 N. J. L. 697. *Bandman* v. *Finn*, 185 N. Y. 508. *Flegal* v. *Hoover*, 156 Penn. St. 276. *Chicago, Terre Haute & Southeastern Railway* v. *Meurer*, 187 Ind. 405, 410. *Barr* v. *Gilmour*, 204 Ky. 582, 588. *United States* v. *Justice*, 14 Wall. 535, 548, 549. *St. Louis, Brownsville & Mexico Railway* v. *United States*, 268 U. S. 169, 176. It is immaterial that no release under seal was signed. Doubtless the petition was contested. The payment of the $3,500 was in compromise of the claim for $10,000 under the reclamation proceeding. It was not an adjudication that $3,500 was all that was due. It was a compromise of the whole claim. The case as against the plaintiff stands as if he had been paid the whole $10,000. Notwithstanding the allowance of the reclamation petition and the payment of a substantial sum in accordance therewith, the proof of his claim for the full amount was allowed to stand and the percentage thereon by way of dividends to be collected without deduction. All these elements show the compromise nature of the adjustment in the bankruptcy court.

It is of no avail to the plaintiff to introduce evidence that he intended to compromise only the claim in the bankruptcy court, and did not intend to release or to waive any claim that he might have against the partners individually outside the bankruptcy court. Nothing was said on the subject between the plaintiff and the trustee in bankruptcy

at the time the agreement for compromise was made. The trustee intended to settle definitely all claims against the bankrupt estate. No reservation of rights against the partners individually was made. They were not parties to the agreement. In these circumstances the law affixes its own interpretation to the acts of the parties and stamps upon the transaction its own consequences. What took place was a compromise of a disputed claim. The claim thereby was extinguished. The unexpressed intent of one party cannot control the legal effect of that which was done. This point is governed in principle by numerous decisions where a plaintiff, taking payment in settlement of his claim against one of several tortfeasors jointly and severally responsible for a wrong done him, has undertaken to show that he had not intended to release other tortfeasors, and where it has been held that evidence to that end was inadmissible. *Brown* v. *Cambridge,* 3 Allen, 474, 475, 476. *Muse* v. *DeVito,* 243 Mass. 384, 388, 389. *Gold* v. *Boston Elevated Railway,* 244 Mass. 144. *Costello* v. *Hayes,* 249 Mass. 349, 352. *McKenney* v. *Boston Elevated Railway,* 259 Mass. 28. Cases like *Shapiro* v. *Lyon,* 254 Mass. 110, 117, are not relevant in this connection.

It is assumed in favor of the plaintiff that, if he had simply proved his claim for $10,000 upon the implied contract, § 63a (4) of the bankruptcy act, he might still pursue the partners individually after their discharge, because the discharge in bankruptcy would not release them from provable debts founded on liability for obtaining property by false representations. § 17 of the bankruptcy act as amended by the act of March 2, 1917, c. 153, 39 U. S. Sts. at Large, 999. *Friend* v. *Talcott,* 228 U. S. 27. That principle seems to us inapplicable to the facts here disclosed because the plaintiff did not merely prove his claim in bankruptcy but retained that proof for its original face and collected dividends thereon, and also secured a substantial sum in reclamation, all by virtue of a compromise agreement.

In view of the ground on which this opinion rests, it is

unnecessary to discuss the questions whether the plaintiff is barred by election of alternative and inconsistent remedies under the doctrine of *Butler* v. *Hildreth,* 5 Met. 49, or whether the cause of action set out in the present bill to reach and apply can be maintained under the doctrine of *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, or to consider other points argued.

The ground upon which this decision rests is not that stated by the trial judge in ordering that a decree be entered dismissing the bill, but it requires the same result and hence the decree need not be disturbed. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384.

*Decree affirmed with costs.*