SAMUEL ROSENBLATT *vs.* HOLSTEIN RUBBER COMPANY.

Suffolk.    February 1, 6, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Accord and Satisfaction. Payment. Evidence,* Presumptions and burden of proof, Extrinsic affecting writing. *Contract,* Performance and breach.

At the trial of an action for services rendered by the plaintiff to the defendant, there was evidence that the defendant orally employed the plaintiff in connection with the construction of his factory and agreed to pay him certain sums per week until the factory was completed, payment of a part of the weekly salary to be deferred until that time, and also to pay him $5,000 at that time; that the defendant made the required weekly payments to the plaintiff until the factory was completed, but did not then pay the plaintiff the balances of his weekly salary nor the sum of $5,000; that, shortly before the completion of the factory, the plaintiff and the defendant made a contract in writing, whereby the plaintiff was to work for the defendant subsequent to its completion; that, after the plaintiff had worked for the defendant under such contract for some months, the defendant gave notice under its provisions to terminate it, and it was agreed by the plaintiff and the defendant that the plaintiff need not work during the period covered by notice and that the defendant should pay the plaintiff the sum of $150; that these negotiations were directed solely to the settlement of the plaintiff's claim under the contract in writing; that both parties understood that this claim only was being settled; that the defendant then had no knowledge of the plaintiff's claims for unpaid salary for the period before the completion of the factory and for the sum of $5,000; that, a few days later, the defendant paid the plaintiff $100, which the plaintiff acknowledged in writing as received "to apply on settlement for $150 in full for services and demands to date"; that, on the next day, the defendant sent the plaintiff a check for $50, bearing on the back a statement: "Received in full settlement of all balances, dues and demands for service and/or other obligations to date"; and that the plaintiff

received the check, read the statement quoted, signed his name thereunder and collected the check. The action was for the balance of ·the plaintiff's weekly salary previous to the completion of the factory plus the sum of $5,000. The defendant pleaded an accord and satisfaction and filed a motion that a verdict be ordered in his favor on that ground. The motion was denied, the jury found for the plaintiff and the defendant alleged an exception. *Held*, that

(1) The burden of proving an accord and satisfaction· was on the defendant;

(2) Neither the receipt nor the writing on the check signed by the plaintiff as a matter of law required conclusions that the payment of $150 to the plaintiff was offered and made upon the condition that it be accepted in discharge of all claims of the plaintiff against the defendant, including the claims in suit, and that the plaintiff accepted the payments on that condition: while such writings signed by the plaintiff were evidence supporting those conclusions, they could be controlled by other evidence;

(3) Such conclusions were not required as a matter of law on all the evidence;

(4) Furthermore, even if the payment of $150 was offered by the defendant on condition that it be accepted by the plaintiff in discharge of all his claims against the defendant, including those in·suit, it could not rightly have been ruled that the condition was one which the defendant had the right to impose: a finding was warranted that only the plaintiff's claim under his contract in writing was liquidated by his agreement with the defendant, so that the subsequent payment of $150 was payment of an amount admittedly due upon that contract, in which case the plaintiff was entitled to accept the payment and repudiate the condition;

(5) The defendant's motion properly was denied.

CONTRACT OR TORT. Writ dated December 20, 1929.

The action was tried in the Superior Court before *Broadhurst*, J. The declaration and material evidence are described in the opinion. The judge denied motions by the defendant that a verdict be ordered· in its favor on each count of the declaration. There was a verdict for the plaintiff on the first count in the sum of $5,396.80, and a verdict for the defendant on the second count. The defendant alleged an exception to the denial of its motion as to the first count.

*R. H. Field*, for the defendant.

*C. J. Isber*, for the plaintiff.

FIELD, J. This is an action of contract. The first count of the declaration alleges an indebtedness of the defendant to the plaintiff for services, the second an indebtedness for

commissions on sales. The answer is a general denial, payment, and accord and satisfaction. There was a verdict on the first count for the plaintiff and on the second for the defendant. The case comes before us on the defendant's exception to the denial of its motion for a directed verdict on the first count. The defendant's only contention in support of its motion is that as matter of law recovery was barred by accord and satisfaction.

The motion for a directed verdict was denied rightly.

The indebtedness for services declared on included a part of the plaintiff's weekly salary for the period before October 15, 1928, and an additional sum of $5,000. The evidence, though conflicting in many respects, warranted a finding that in May, 1928, the defendant, by one of its officers, orally agreed to pay the plaintiff for his services in connection with the establishment by the defendant of a business for the manufacture of rubber goods $75 a week, of which $40 was to be paid each week until the factory was located, $50 each week until production was begun and thereafter $75 a week, that the remainder of the plaintiff's weekly salary of $75 and an additional sum of $5,000 were to be paid to him upon the completion of the factory, that the contemplated services were performed and payments made on the basis of $40 and $50 a week, and that the factory — located in Connecticut — was completed and production was commenced on October 15, 1928.

It is undisputed that in June, 1928, a written agreement was entered into, subject to termination on thirty days' notice, whereby the plaintiff was to receive $75 a week for services at the factory after production began, that he worked under this contract from October 18, 1928, until about July 23, 1929, being paid thereunder up to July 20, 1929, and thereafter worked for the defendant as a salesman on a commission basis, but that on July 12 or 13, 1929, the plaintiff was given notice that his employment under the contract would terminate in thirty days. Witnesses for the defendant testified that on July 20, 1929, the defendant's assistant treasurer told the plaintiff that he need not work at the factory for the remainder of the period covered

by this notice, but that the defendant would pay him $150 and cancel a debt of the plaintiff to the defendant amounting. to $65, and that the plaintiff agreed to this settlement.

It is undisputed that on July 23, 1929, the plaintiff, in Connecticut, received from the defendant, by check or in cash, $100 and signed a receipt therefor prepared by the defendant in the following terms: "Danbury, Conn. 7–23, 1929   Received from Holstein Rubber Co., Inc. One hundred and no-Dollars week ending in full to apply on settlement for $150.   in full for services and demands to date," that on the following day the defendant sent to the plaintiff, in Massachusetts, its check for $50, which bore on its back the following typewritten statement: "Received in full settlement of all balances, dues and demands for service and/or other obligations to date," and that the plaintiff received the check, read the statement quoted, and signed his name thereunder.   Apparently this check was collected by the plaintiff though this fact does not appear clearly in the record.

The burden of proving accord and satisfaction, or satisfaction without a previous accord, was on the defendant. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, 110.   It contends that as matter of law this burden has been sustained — that a finding was required that the acceptance by the plaintiff, under the circumstances disclosed, of the payments aggregating $150 extinguished his claims covered by the first count of the declaration.

Acceptance of cash or of a check, at least if later collected, offered in full payment of a disputed or unliquidated claim extinguishes the claim.   The creditor cannot accept the cash or check and repudiate the conditions upon which it was offered if those conditions were such as the debtor had the right to impose, and if the creditor understood, or as a reasonable man ought to have understood, that those conditions were imposed. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204, and cases cited. See also *Quirk* v. *Smith*, 268 Mass. 536, 542; *Russell* v. *Bond & Goodwin, Inc.* 276 Mass. 458, 462.

The defendant's contention here is that the payments in cash and by check were offered upon the condition that they be accepted in discharge of all claims of the plaintiff against the defendant, including the claims now in question, and that the plaintiff accepted the payments on this condition.

The oral evidence did not require such a finding. It did not require either a finding that the debtor offered the payments on this condition, or on the condition that they be accepted in discharge of the claims now in question, or a finding that the creditor understood, or ought to have understood, that any such condition was imposed. Indeed there was testimony, in some respects contradicted, that the negotiations between the parties were directed solely to the settlement of the plaintiff's claim under his written contract of employment, that both parties understood that this claim only was being settled, and that the defendant's officers then had no knowledge of the plaintiff's claims for unpaid salary for the period before October 15, 1928, and for the additional sum of $5,000.

Nor did the writings signed by the plaintiff as matter of law require the conclusion that the payments were offered and accepted in discharge of all the plaintiff's claims against the defendant or those now in question.

Neither of the writings was a release under seal. The indorsement on the back of the check was in form a receipt "in full settlement of all balances, dues and demands for service and/or other obligations to date," but it contained no words of release or discharge (compare *Dunham* v. *Branch*, 5 Cush. 558, 561; *Boston Supply Co.* v. *Rubin*, 214 Mass. 217), and did not purport to embody an agreement. Compare *Squires* v. *Amherst*, 145 Mass. 192, 194; *Lubin* v. *Hedtler*, 251 Mass. 422, 424. See Wigmore on Evidence (2d ed.) § 2432. It purported to recite facts and, as against the plaintiff, was evidence of the facts recited, but it was not conclusive and could be explained or contradicted by other evidence. *Brooks* v. *White*, 2 Met. 283. *Bard* v. *Wood*, 3 Met. 74. *Grinnell* v. *Spink*, 128 Mass. 25. *Foster* v. *Commercial National Bank*, 248 Mass. 279, 282–283. *Komp* v. *Raymond*, 175 N. Y. 102. Willis-

ton on Contracts, § 632.  The writing of July 23, 1929, was a receipt on account and at most stands no better as a defence than the receipt in full.

The submission of the receipt on account by the defendant to the plaintiff for his signature and the subsequent sending by the defendant to the plaintiff of a check with a form of receipt in full indorsed thereon were evidence that the defendant offered the payments to the plaintiff on the condition that they be accepted in discharge of all claims of the plaintiff.  And the plaintiff's signing of the receipt on account and his acceptance and indorsement of the check were evidence of his acceptance of the payments on that condition.  But this evidence, as previously pointed out, could be controlled by other evidence.  It is significant that the aggregate amount paid was the exact amount which, as the jury could have found, had been agreed upon by the parties as due to the plaintiff under the written contract.  This fact, if found, and the other evidence, already set forth, of the negotiations between the parties tended to control the evidence of the writings.  It could have been found that the defendant in the circumstances of this case did not make clear to the plaintiff that the payments were offered on condition that they be accepted in discharge of the claims now in question.  See Williston on Contracts, § 1856.  It follows that it could not have been ruled that the payments were offered in discharge of these claims or, if offered on that condition, that the plaintiff understood, or should have understood, that they were so offered.  The case in this aspect is governed by *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105.  See also *Held* v. *Keller*, 135 Minn. 192, 197; *Gaston & Co. Inc.* v. *Storch*, 253 N. Y. 68.

Furthermore, even if the payments were offered by the defendant on condition that they be accepted by the plaintiff in discharge of all his claims against the defendant, or of those now in question, it could not have been ruled that the condition was one which the defendant had the right to impose.  It could have been found that on July 20, 1929, the plaintiff's claim under his written contract was

liquidated by his agreement with the defendant, if it was not liquidated before, and that the subsequent payment of $150 was payment of an amount admittedly due upon that contract. If this was the fact the plaintiff, though he understood the condition of the offer, could accept the payment and repudiate the condition. The case in this aspect closely resembles *Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201; see also cases cited therein. Compare Williston on Contracts, § 129.

Most of the acts relied on by the defendant to establish its defence took place in Connecticut, but the check was received and indorsed in Massachusetts. The common law of Connecticut is presumed to be the same as that of Massachusetts. No question was raised by the pleadings nor, so far as appears from the record, was any contention made at the trial that the law of Connecticut is controlling or that it is different from that of Massachusetts. Whether either of those questions is now open need not be decided for the Connecticut cases called to our attention do not appear to be at variance with the conclusion here reached. See *Seemann* v. *Eneix*, 272 Mass. 189, 195–196.

*Exceptions overruled.*