GARABED H. CARAGULIAN *vs.* MARY E. RUDD & another.

Suffolk.    December 15, 1932. — March 1, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Accord and Satisfaction.    Payment.*

A finding of an accord and satisfaction as a valid defence to an action by a judgment creditor against a husband and wife, judgment debtors in a sum exceeding $1,000, was not required where it appeared that, the wife having paid "by her husband" the sum of $112 on account of the judgment, the plaintiff, "in consideration of" such payment, agreed with the wife in writing, but not under seal, to accept the $112 in full satisfaction of her indebtedness on the judgment, reserving the right to hold the husband thereon, and at the same time received from the husband, but not in satisfaction of the wife's indebtedness, notes covering the major part of the balance due.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 27, 1931.

In the Municipal Court, the action was heard by *Carr,* J., who found that, in the agreement in writing described in the opinion, the plaintiff agreed, "in consideration of payment by" the defendant of $112.50, which was the sum stated in the report to have been paid to the plaintiff by

her "by her husband," "to accept the said sum of" $112.50 "in full satisfaction, payment and settlement of any and all indebtedness from the said Mary E. Rudd to the said Garabed H. Caragulian which indebtedness is evidenced by the said judgment and execution. The said Garabed H. Caragulian expressly reserves and retains to himself all rights in law and in equity against Frederick Rudd and this instrument is intended in no manner to affect his liability on the said judgment."

Other material findings and rulings by the judge are stated in the opinion. He found for the plaintiff in the sum of $1,157.80 and reported the action to the Appellate Division. The report was ordered dismissed. The defendants appealed.

*A. J. Connell*, for the defendant Mary E. Rudd.

*F. G. Lichtenstein*, for the plaintiff.

LUMMUS, J. This is an action of contract to recover the balance due upon a judgment against the defendants, who are husband and wife. The husband was defaulted. The wife defends on the ground that the plaintiff accepted a partial payment made by her "by her husband," and the husband's notes for the balance due upon the judgment, and not only said that he would release the wife but signed an unsealed paper reciting that in consideration of the partial payment the plaintiff agreed to accept it in full satisfaction of his judgment against her, reserving, however, the right to hold the husband upon the judgment.

The trial judge found that the plaintiff did not accept the husband's notes in satisfaction of the wife's obligation. See *Barnett* v. *Rosen*, 235 Mass. 244, 247. The notes not being any part of the consideration for the unsealed paper, it was invalid as an accord and satisfaction because its expressed and only consideration was the payment of part of a sum undeniably due. *Barnett* v. *Rosen*, 235 Mass. 244, 248. *Moss* v. *Goldstein*, 254 Mass. 334. *Bascombe* v. *Inferrera*, 271 Mass. 296, 301, 302. *Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201, 205. *Dedham Lumber Co.* v. *Hartung*, 278 Mass. 488. *Millett* v. *Temple*, 280 Mass. 543, 550, 551. *Rosenblatt* v. *Holstein Rubber Co.*

281 Mass. 297.   Accord and satisfaction being the only defence, the right of the plaintiff to judgment against the wife is apparent, and discussion of the requested rulings is unnecessary.

*Order dismissing report affirmed.*