Rollins, J.
This is an action of contract in which the plaintiff seeks to recover the balance due for labor and materials furnished in the repair of a fishing* vessel.
The answer is a general denial, plea of payment, and accord and satisfaction.
The evidence tended to show the following facts:
The plaintiff repairs gasoline engines. One Paul Alpert owned a fishing vessel named “Josephine and Mary.” In August, 1943, Alpert employed the plaintiff to make rather extensive repairs to the engine of this boat. While the work was going on Alpert sold the vessel to the defendant corporation. A stockholder of the defendant, named Parsons, told the plaintiff to complete the work. The plaintiff did so and on September 23, 1943 sent the defendant a bill for $927.92. On September 29, 1943 the defendant sent the plaintiff a check for $500 on account. In October *81 1943 the plaintiff, at the direction of said Parsons, performed further work, the cost of which amounted to $94.26. The defendant on October 15, 1945 wrote the plaintiff requesting a statement showing the dates, names of employees and hours of work on the vessel. Some information was sent but it was not satisfactory and on October 19, 1943 the defendant in writing renewed its request. The bill was not paid and the plaintiff placed it in the hands of an attorney for collection. The attorney talked with an officer of the defendant Company who contended that the plaintiff had not furnished the number of hours of labor as claimed; that the work had been done in such an unworkmanlike manner that it had to be done all over again, and that $200 would be a fair amount to pay and offered to pay that amount in full settlement. The plaintiff refused to accept this offer. On January 17,
1944 the defendant sent the plaintiff a check for $400 with the following notation on the back thereof, “in full of all accounts and claims to date. ’ ’ On the advice of his attorney the plaintiff struck out the above “notation,” cashed the check and brought this action to recover the balance of bis bill. At the close of the trial the defendant seasonably filed four requests for rulings and the plaintiff filed five.
The trial judge denied all of the defendant’s requests, allowed all of the plaintiff’s and found for the plaintiff in the sum of $122.17, the amount claimed by the plaintiff.
The Court also made certain findings of fact many of which are set forth above. In addition to the findings set forth above the trial Court made the following specific findings: “I find there was no accord and satisfaction.
The only evidence offered to show defective work was that of the treasurer of the corporation who was not a mechanic but who complained of the work and amount of the bill.”
The defendant claiming to be aggrieved, the case is reported to this Appellate Division for determination.
*82 This case appears to have been tried and argued solely upon the issue as to whether the giving by the defendant, under the circumstances above outlined, of a check with the notation thereon “in full of all accounts and claims to date” and the. cashing of the check by the plaintiff, after striking out the notation, constituted an accord and satisfaction and barred the plaintiff from any further recovery.
We shall decide the case upon that issue, considering that if any other issues were ever raised, by the pleadings or otherwise, they have been waived.
Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction. The concession made by one party is good consideration for the concession made by the other, or as otherwise expressed, the fact of the uncertainty of the claim or an honest difference as to what is due on an unliquidated demand furnishes the consideration. Shaw v. Victoria Coach Line, Inc., 314 Mass. 262, 268. Whittaker Chain Tread Co. v. Standard Auto Supply Co., 216 Mass. 204, 206.
When a claim is disputed or unliquidated and the tender of a check in settlement thereof is of such a character as to give notice to the creditor that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof by the creditor constitutes accord and satisfaction, and it is immaterial that the creditor protests that he does not accept the check in full satisfaction of the claim. If he is not willing to accept the check in full settlement of the claim it is his duty to return it without using it. Worcester Color Co. v. Henry Woods Sons Co., 209 Mass. 105. Whittaker Chain Tread Co. v. Standard Auto Supply Co., (Supra). Shaw v. Victoria Coach Line, Inc., (Supra). Rosenblatt v. Holstein Rubber Co., 281 Mass. 297, 300.
*83 ■When a claim is liquidated and not in dispute and is presently due, the payment by the debtor and acceptance by the creditor of a part only of the debt or of an amount of money less than the whole which is due affords no consideration for an agreement by the creditor to discharge the unpaid residue or balance of the debt and does not constitute or effect an accord and satisfaction but discharges the debt pro tanto only. Caragulian v. Rudd, 282 Mass. 260, 261.
The term “liquidated” as used in connection with the subject of accord and satisfaction has a different meaning than when used with respect to the right to interest and has reference to a claim or debt which the debtor does not dispute, or which he admits to be due. Chicago Elec. Ry. Co. v. Clark, 178 U. S. 353, 44 L. Ed. 1099.
The rule that an unliquidated claim may be satisfied by the payment of less than the amount claimed requires an actual and substantial difference between the parties as to the amount due or the liability of the debtor. A denial fabricated merely as a pretext to evade the discharge of an obligation, or one that is fictitious or mala fide is not sufficient to support an attempted satisfaction of the claim by a partial payment. Moss v. Goldstein, 254 Mass. 334, 336. Schuttinger v. Woodruff, 259 N. Y. 212, 181 N. E. 361, 362.
Applying the above principles of law to the instant case we reach the following conclusions:
The work done on the Josephine and Mary amounted to a total of $1022.17. The defendant made a payment on account of $500, leaving a balance due of $522.17. The defendant conceded that $200; was due. It never acknowledged that any larger amount was due. Accordingly the balance due, which the plaintiff claimed was $522.17, was in law an unliquidated demand. Under these circumstances *84 the sending by the defendant of the check for $400 was an offer to settle an unliquidated claim for less than the amount claimed.
If accepted there was an accord and satisfaction unless the contention of the defendant was a mere pretext fabricated to evade the payment of its obligation and not a contention made in good faith.
The striking out of the notation “in full of all accounts and claims to date” was of no effect. The plaintiff accepted the condition by cashing the check.
If we stop here we should order the finding for the plaintiff set aside and judgment entered for the defendant.
Although there was no specific finding to that effect, there are certain matters contained in the Report that lead us to believe, and would have justified the trial judge in finding, that the defendant did not in good faith contend that the balance claimed by the plaintiff was not due. In this connection it is pointed out that while the. record shows that an officer of the defendant stated before the trial that the plaintiff’s work on the boat was so poor that “it had to be done all over again” yet at the trial no evidence whatever was offered to that effect. Moreover no evidence was offered at the trial that the engine and its connecting parts did not work, or work properly, after the repairs. The only witness produced by the defendant was its treasurer whom the trial judge found “was not a mechanic but who complained of the work and the amount of the bill.”
It seems improbable that if it were true that the work performed by the plaintiff “had to be done all over again” the defendant would have offered to settle a bill of $1022.17 for $900 or only $122.17 less than the full amount claimed.
Finally, the trial judge expressly found “ ... there was no accord and satisfaction”.
*85 It is true that the judge may have made this finding because of an erroneous view of the law but he may have made it because he believed the contentions made by the defendant were merely pretexts fabricated to evade the full payment of a just debt.
Under the provision of the statute (G. L. (Ter. Ed.) Chapter 231, sec. 108) we have the power either to order judgment for the defendant or to order a new trial.
We feel that justice requires a new trial and it is SO ORDERED.