Nash, J.
Contract in which the plaintiff alleged he entered into a contract with Ruth G. Jacobs by which he agreed to install linoleum at the defendant’s house for one hundred sixty-seven and 00/100 ($167) dollars for the work, labor and materials; that he fulfilled his contract in accordance with its terms; that the defendant Ruth G. Jacobs paid one hundred and 00/100 ($100) dollars on account ; and that she owes him a balance of sixty-seven and 00/100 ($67) dollars plus interest on the contract. The answer of the defendants, Dwight I. Jacobs and Ruth G. Jacobs, husband and wife, is a general denial, payment, that the plaintiff failed to perform the work; that there *152 had been an accord and satisfaction; that the plaintiff had accepted a sum tendered to him by the defendants in full satisfaction of the plaintiff’s claim. The defendant, Dwight I. Jacobs, in set off declared the work had been done in an unworkmanlike and negligent manner; that he had sent the plaintiff a check for one hundred and 00/100 ($100) dollars conditioned upon the plaintiff accepting such sum in full settlement; that the plaintiff knowing of the condition cashed the check and in violation of the condition brought this action against the defendants for an additional sum, and the plaintiff in set off claimed that the defendants were indebted to him in the sum of one hundred and 00/100 ($100) dollars with interest. The plaintiff and the defendant each seasonably filed requests for rulings, the plaintiff six in number and the defendants fourteen. On conflicting testimony after a view of the premises the trial judge made the following special findings, “that the work and labor were done in a workmanlike manner. The defendants disputed this, and sent a check in the sum of one hundred and 00/100 ($100) dollars and wrote on the check ‘ ‘paid in full. ’ ’ When the plaintiff received the check he called Mrs. Jacobs, and asked for an explanation, and she said “that’s all the job is worth.” The plaintiff crossed out the words “paid in full,” and typed on the check “balance due $67” and deposited the check for collection. I find that the plaintiff never agreed to accept the check in full settlement of the disputed claim. I rule that the plaintiff had a right to accept the check free from the void condition which the defendants sought to impose, and is entitled to the balance due against Mrs. Jacobs under the contract.” The Court found for the plaintiff against Ruth G-. Jacobs in the sum of sixty-seven and 00/100 ($67) dollars with interest from the date of the writ and found in favor of the defendant, Dwight I. Jacobs, and found for the defendant in set off Sidney G-. Goode.
*153 The defendant, Ruth G-. Jacobs, claiming to be aggrieved by the findings and the denial by the Court of the defendants’ requests numbered 1, 5, 6, 7, 13 and 14 and by the rulings upon the plaintiff’s requests numbered 1, 2, 4, 5 and 6 appealed to this Appellate Division.
Defendants ’ rulings numbered 1, 5, 13 and 14 follow:
(1) Upon all the evidence a finding must be entered for the defendant Ruth Gr. J acobs as matter of law.
(5) Upon all the evidence it must be found that the acceptance óf the check in the amount of $100 is a bar to the plaintiff’s attempt to collect any additional amount in the above named action.
(13) If the defendants in good faith offered to the plaintiff a check for $100 marked “payment in full” in settlement of a disputed claim under the contract, and if the plaintiff deposited the check after striking out the words “payment in full, ’’ there was nevertheless an accord and satisfaction and the plaintiff is now barred from recovering any further amount.
(14) The plaintiff’s act in striking out the words “payment in full” from the face óf the check was unauthorized and did not affect the rights of the defendants.
The Court also found that the defendant, Ruth Gr. Jacobs, was accepted as the contracting party.
The facts as found by the trial court show the existence of a contract between the plaintiff and the defendant, Ruth Gr. Jacob's, and, after a consideration of the evidence, and a view of the premises by the trial court, a finding that the plaintiff had performed his contract in accordance with its terms. The issue is, was there an accord and satisfaction as a result of the plaintiff taking the defendant’s check for one hundred and 00/100 ($100) dollars which carried on its face a notation “paid in full” and depositing it, after talking with the defendant, and crossing out the words “paid in full” and typing on the check “balance due $67”?
*154 The burden is upon the defendant to make out its defense of an accord and satisfaction. Worcester Color Co. v. Henry Wood’s Sons Co., 209 Mass. 105, 108; Rosenblatt v. Holstein Rubber Co., 281 Mass. 297, 300. In order to establish this defense the defendant must show a new contract which may be either express or implied and separate from the contract from which the disputed claim arose. Imperial Elevator Co. v. Hartford Accident & Insurance Co., 42 A. L. R. 559, 563. We think he has successfully sustained the burden of proof. The trial court has found as a fact that the defendant in good faith disputed the right of the plaintiff to recover under the terms of the contract and that the defendant sent to the plaintiff a check in the amount of one hundred and 00/100 ($100) dollars upon the condition that it be accepted in full settlement of the disputed claim. The check contained on it the words “paid in full.” By telephone the plaintiff asked the defendant for an explanation and the defendant replied ‘1 that’s all the job is worth, ’ ’ The plaintiff then crossed out the words “paid in full” deposited it for collection and brought suit for the balance under the original contract.
There could have been no doubt in the mind of the plaintiff that the check was offered to him in full settlement of the claim. It said so on its face. He called the defendant by telephone and the defendant told him “that’s all the job is worth. ’ ’ At that time the plaintiff had his choice of returning the check and seeking his remedy on the original contract or depositing it for collection and creating a satisfaction of the indebtedness at issue. He could not alter the terms under which the cheek had been offered. Acceptance of the money under these circumstances extinguished the claim. He could not collect the money and repudiate the conditions under which it had been tendered him. Worcester Color Co. v. Henry Wood’s Sons Co., 209 Mass. 105; Whittaker Chain Tread Co. v. Standard Auto Supply Co., *155 216 Mass. 204 and cases cited. See also Quirh v. Smith, 268 Mass. 536, 542; Russell v. Bond & Goodwin, Inc., 276 Mass. 458, 462; Rosenblatt v. Holstein Rubber Co., 281 Mass. 297, 300.
The defendants ’ rulings numbered 1, 5, 13, and 14 as set forth should have been given. We find prejudicial error in her not being granted them. The decision of the trial court is reversed and judgment must be entered for the defendant.