WILLIAM H.C. WONG *vs.* MARSHALL B. PAISNER. June 25, 1982. A jury returned a verdict in favor of the plaintiff in his action to recover

$4,400 which he claimed was owed under a contract with the defendant. We agree with the defendant that the judge committed reversible error in failing to instruct the jury on the defense of accord and satisfaction.

1. The jury could have found that the plaintiff agreed to prepare certain mechanical drawings for the defendant for a lump sum payment of $1,000. The plaintiff claimed, however, that there was a modification of the agreement by which an hourly rate payment was substituted for the lump sum payment. The defendant denied any such modification but testified that he agreed to an additional lump sum payment of $500. The plaintiff sent the defendant a bill in the amount of $5,400, representing 235 hours of work at $25 per hour, less the $500 that had already been paid. The defendant testified that before he received the bill, he sent to the plaintiff a cover letter and a check for $1,000 bearing the notation "payment in full for services rendered." The cover letter stated the defendant's position that their "original deal was for one time work." The letter reiterated that the defendant's check for $1,000 represented payment in full and that the defendant had tendered an additional $500 in an attempt to "appease" the plaintiff in light of their "misunderstanding" over the terms of the contract. The plaintiff deleted the "payment in full" from the check and deposited it in his account. The defendant requested an instruction on accord and satisfaction, the judge refused and the defendant seasonably objected to the action of the judge.

It is settled that acceptance and deposit of a check offered in full payment of a disputed claim constituted an accord and satisfaction and bars an attempt to collect any balance outstanding under a contract. *Worcester Color Co.* v. *Henry Wood's Sons*, 209 Mass. 105, 109 (1911). *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.*, 216 Mass. 204, 206 (1913). Whether an accord and satisfaction has been proved is a question of fact on which the defendant has the burden of proof. *Worcester Color Co.* v. *Henry Wood's Sons, supra* at 110. *Rosenblatt* v. *Holstein Rubber Co.*, 281 Mass. 297, 300 (1933). There was evidence that the parties had a disagreement as to the amount owed by the defendant and that the dispute arose before the defendant sent the $1,000 check. See *Rust Engr. Co.* v. *Lawrence Pumps, Inc.*, 401 F. Supp. 328, 333 (D. Mass. 1975). The notation on the check and the contents of the letter were evidence that the check was being offered in full settlement of the disputed claim. See *Sherman* v. *Sidman*, 300 Mass. 102, 106 (1938). The additional payment of $500 could have been found to constitute consideration supporting the condition imposed by the defendant; i.e. that the plaintiff's acceptance of the payment fully discharged the debt. *Worcester Color Co.* v. *Henry Wood's Sons, supra* at 109. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co., supra* at 206. The action of the plaintiff in deleting the words, "payment in full" did not establish, as a matter of law, that there was no accord and satisfaction. See 15 Williston, Contracts § 1854 (3d ed. 1972). Therefore the defendant adequately raised

the issue of accord and satisfaction, and the matter should have been dealt with by the judge in his instructions to the jury. See *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 678-679 (1980).

2. The defendant raises other issues that may reoccur at the new trial. The judge was correct in excluding certain testimony of the defendant and a letter sent by the plaintiff's attorney offered in regard to whether the defendant entered into the contract as an individual or as a corporate officer as such testimony was hearsay and the letter was irrelevant. The defendant's motion for a directed verdict was correctly denied. The judge's instruction to the jury in regard to the effect of the judgment entered in the District Court was adequate.

*Judgment reversed.*

The case was submitted on briefs.
*Christopher C. Tsouros* for the defendant.
*Walter E. Palmer* for the plaintiff.