## KEENE v. GAUEN.

Circuit Court of Appeals, Fifth Circuit. December 1, 1927.

Rehearing Denied December 22, 1927.

No. 5154.

Accord and satisfaction ⊙═10(1)—Compromise and settlement ⊙═6(2)—Acceptance of payment of undisputed claim and receipt in full does not bar action on separate disputed claim.

Where there is a single claim, and the aggregate amount is in dispute, payment of the sum conceded to be due, on condition that it shall be received in full satisfaction, bars recovery of the sum in dispute; but, where there are two claims, dependent on different facts, one of which is undisputed and the other disputed, payment of the undisputed claim does not bar the right to sue for and recover on the disputed claim.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action at law by F. T. Gauen, against D. H. Keene. Judgment for plaintiff, and defendant brings error. Affirmed.

U. M. Simon, of Fort Worth, Tex. (Slay, Simon & Smith, of Fort Worth, Tex., on the brief), for plaintiff in error.

Wm. Leroy Evans and W. P. McLean, both of Fort Worth, Tex. (McLean, Scott & Sayers and Levy & Evans, all of Fort Worth, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit to recover a commission on the amount realized from the sale of a stock of diamonds. Plaintiff was employed as an engraver and jeweler in defendant's jewelry store. The petition alleges that defendant was desirous of selling out his business, and offered to pay plaintiff a commission of 5 per cent. of the sale price in the event he procured a purchaser. The answer contains a general denial, and alleges the payment of $1,500 in full settlement and satisfaction of plaintiff's cause of action.

The defendant's stock of diamonds was sold for $278,929.11. Plaintiff recovered a verdict, upon which judgment was entered,

for 5 per cent. of that amount, or $13,946.45. The defendant assigns error, and contends that the court erred in refusing his request to direct a verdict, and in giving certain charges to the jury.

Plaintiff testified that defendant frequently made offers to pay to any of his clerks who would procure a purchaser a commission of 5 per cent. of the sale price; that he produced a purchaser who subsequently purchased the stock of diamonds, and upon making request for his commission was told by defendant that the commission was not earned until a purchaser was found for the remainder of his stock; that thereupon he produced a purchaser, who offered $45,000 for the remnant of stock; that defendant insisted at first upon $50,000, but finally accepted the purchaser's offer, upon plaintiff's agreement to accept $1,000 in lieu of his commission upon the sale of such remnant; that defendant, when it became known among his employees that he was desirous of selling out his business, offered to pay each of them a bonus of $500 in the event of the sale, in order to induce them to remain in his employment; that, after the sale of the remnant of stock, defendant gave plaintiff a check for $1,500, of which $1,000 was in payment of his service in procuring the purchaser of the remnant of the stock, and $500 in payment of the bonus; that then plaintiff asked defendant for his commission on the sale of the diamonds, but for the first time defendant denied owing a commission on that sale; that shortly thereafter defendant grabbed the $1,500 check out of plaintiff's hand and tore it up, and later gave him another check for the same amount, but before doing so required him to sign a receipt for $1,500, which purported to be "in full settlement of all commissions and services rendered to date."

Defendant denied that he had agreed to pay any commission or bonus, but admits that he agreed to pay $1,000 upon the sale of the remnant of the stock. He testified that the first check was for $1,000, that plaintiff upon receiving it made a claim for a commission on account of the sale of the diamonds, and that he then gave him a check for $1,500, the additional $500 being, not on account of the bonus, which he never agreed to pay, but, in settlement of plaintiff's claim of commission upon the diamond sale. The court charged the jury that they might take into consideration the question whether defendant disputed the paying of commissions on the sale of diamonds in good faith, and also that, if defendant made a general offer to his employees to pay a commission, plaintiff would be entitled to rely upon such offer in support of his cause of action.

The check for $1,500 included $1,000 which was undisputed. According to plaintiff's evidence, it also included a bonus of $500, which was likewise undisputed. The jury were therefore authorized to find, as they evidently did, that the payment of the amount of the check was made in settlement of claims entirely separate and distinct from the claim for commission upon the sale of the diamonds. This being so, the receipt, which also purported to include the commission sued for, was without consideration. Where there is a single claim, and the aggregate amount is in dispute, payment of the sum conceded to be due, on condition that it shall be received in full satisfaction, bars recovery of the sum in dispute. But where there are two claims, dependent on different facts, one of which is undisputed and the other of which is disputed, the payment of the undisputed claim does not bar the right to sue for and recover on the disputed claim. Chicago, Milwaukee, etc., Ry. Co. v. Clark, 178 U. S. 353, 20 S. Ct. 924, 44 L. Ed. 1099; Fire Insurance Association v. Wickham, 141 U. S. 564, 12 S. Ct. 84, 35 L. Ed. 860. We are therefore of opinion that the trial court was right in refusing to grant defendant's motion for an instructed verdict.

The charge of the court upon the good faith of the defendant was proper, in view of plaintiff's testimony as to defendant's taking back his first check, and issuing another upon condition that a receipt in full be given for all claims. That testimony tended to show that the claim for commission was undisputed, and that defendant's testimony, in which he claimed a bona fide dispute, was untrue. Chicago, Milwaukee, etc., Ry. Co. v. Clark, supra.

A variance is claimed between the averment of the petition that defendant offered to pay plaintiff a commission, and the proof that the offer was general to defendant's employees, and therefore it is insisted that the court should not have charged that proof of such general offer would be sufficient. There was no variance, because proof that a commission was offered to a number of persons, including plaintiff, was proof of an offer to plaintiff.

The judgment is affirmed.