## LIPPARD et al. v. DUPONT GARAGE CO.
## No. 6111.

Court of Appeals of the District of Columbia.
Argued April 4, 1934.
Decided May 14, 1934.

William F. Partlow and Louis H. Mann, both of Washington, D. C., for plaintiffs in error.

M. M. Doyle and F. A. Thuee, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case was brought in the municipal court of the District of Columbia by the plaintiffs Lippard and Burke, as partners against the Dupont Garage Company, Inc., upon an account for goods sold and delivered to defendant by plaintiffs. Trial was had to the court without a jury. In the course of the trial the plaintiffs moved for a voluntary nonsuit which was denied. The court then entered judgment for the defendant. The plaintiffs excepted to these rulings.

Testimony was introduced at the trial tending to prove that the plaintiffs were engaged in the business of selling automobile parts; that on April 15, 1932, they commenced doing business with the defendant; that orders for goods were sent to plaintiffs through employees of the defendant, and the

goods were delivered as requested at the office of defendant and invoices were sent with each order made out to defendant; that payment for the orders thus entered was made sometimes in cash on delivery and at other times within two to five days; that during the period from July 23, 1932, to August 31, 1932, defendant did not make payments as promptly as theretofore and at the close of that period there was due and owing upon account from defendant to plaintiffs the sum of $400.-31; that defendant failed to pay the same in whole or in part; that the defendant denied and disputed its liability for the account claiming that the goods had not been ordered by its authority; that Mr. Lippard, one of the plaintiffs, discussed the matter with Mr. Clements, a representative of defendant company, who agreed to go with Lippard to see one Clem, whom defendant contended was liable for the payment of the bill; that afterwards on several occasions Lippard requested Clements to go with him to see Clem but on each occasion Clements refused upon the ground that he was either too busy or had another engagement; that after defendant had disputed its liability for the account above referred-to, defendant had sent a letter to plaintiff on or about September 1, 1932, stating that defendant would not be responsible for orders given by Clem and that no further orders were to be filled unless authorized in writing by defendant; that thereafter and during the months of September, October, November, December, 1932, and January, 1933, defendant gave certain written orders for merchandise which was promptly delivered by plaintiffs, and at the close of each month defendant sent to plaintiffs a check for the amount of goods sold and delivered during that month; that each check was for the amount due for the single month for which it was made out and had no relation whatever to the prior account aggregating $400.31, which remained in dispute between the parties; that each check bore the notation "account in full to, etc.," the date being the first of the month for which the check was given; that in each instance plaintiffs erased the notation "account in full, etc.," and deposited the check in plaintiffs' bank account; that the account sued for in this case covers only the disputed items accrued between July 23 and August 31, and bears no relation to those which accrued afterwards and were fully paid.

At the trial of the case in the municipal court, it was contended by defendant that the acceptance of the checks sent to plaintiffs by defendant amounted in law to an accord and satisfaction of the claim in question in this case. We cannot agree with this contention. The parties had separated the disputed account from the subsequent accounts and had treated the latter as new and separate subjects of charge. The statements sent by plaintiffs to defendant for the months of September, October, November, December, 1932, and January, 1933, were understood and treated by the parties not as a continuation of the former disputed account, but as new and separate charges about which there was no dispute. The payment by defendant of these accounts bore no relation to the account that was in dispute between the parties which is the account sued upon in the present case. The disputed account was held in abeyance by the parties, whereas those accruing in the subsequent months were free from dispute, and when the statements for these months were presented and paid, it did not constitute an accord and satisfaction of the old account.

In the case of Keene v. Gauen (C. C. A.) 22 F.(2d) 723, 724 (certiorari denied 276 U. S. 632, 48 S. Ct. 325, 72 L. Ed. 742), the plaintiff sued for certain commissions on the sale of diamonds. After the services had been rendered, defendant denied liability for the commissions. Plaintiff thereafter sold certain other diamonds for defendant, received the agreed commission therefor, and signed a receipt which purported to be "in full settlement of all commissions and services rendered to date." The court, in deciding that this was not an accord and satisfaction, said: "Where there is a single claim, and the aggregate amount is in dispute, payment of the sum conceded to be due, on condition that it shall be received in full satisfaction, bars recovery of the sum in dispute. But where there are two claims, dependent on different facts, one of which is undisputed and the other of which is disputed, the payment of the undisputed claim does not bar the right to sue for and recover on the disputed claim."

In Savannah Sugar Ref. Corp. v. Sanders, 190 N. C. 203, 129 S. E. 607, 610, the court said: "If a man be indebted to another on account and because of two or more separate and distinct contracts, and statement is sent him by the other showing a balance due by him on one of the contracts, and nothing is said or shown in the statement, or in the letter accompanying it, as to and in regard to any amount due on the other contract, the sending of a check which has written in the face of it, 'In full of account to date,' or sim-

ilar language, for the amount shown to be due by the statement, will only be a payment of the amount shown to be due by the statement, and its acceptance will not operate as a discharge or payment of any amount which may be due on the other contract or contracts, especially if at the time the statement is sent, or check is received, the amount due on the other contract has not been fixed or determined and is not known to either of the parties."

In Worcester Color Co. v. Henry Wood's Sons Co., 209 Mass. 105, 95 N. E. 392, 394, the court said: "It is not every use of the words 'in full to date' or equivalent phrase which constitutes an accord and satisfaction in connection with the payment of a controverted claim. Many cases have arisen where the conditions have been such as make it a question of fact whether there has been an accord and satisfaction, even though these words have been used where a payment has been made."

See Matlack Coal & Iron Corp. v. New York, etc., Extract Co. (C. C. A.) 30 F.(2d) 275; Jefferson Standard Life Ins. Co. v. Lightsey (C. C. A.) 49 F.(2d) 586, 589. In the latter case the court said: "Payment of an amount concededly due on one of two claims arising on separate promises in the same contract is not a good consideration for a release of a claim on the other."

These statements are distinctly consistent with our opinions in Andrews v. Haller Wall Paper Co., 32 App. D. C. 392, 16 Ann. Cas. 192, and Pugh v. Long, 61 App. D. C. 156, 58 F.(2d) 882. In each of these cases but a single account was involved, and a tender of a compromise sum was made in relation thereto.

In view of our opinion as above expressed we find it unnecessary to discuss at length the ruling of the municipal court denying the plaintiff's application for a voluntary nonsuit. We content ourselves with saying that in our opinion this ruling was erroneous.

The decision of the municipal court is reversed at the cost of the defendant in error, and the cause is remanded for further proceedings not inconsistent herewith.