## KISER v WILBERFORCE UNIVERSITY

Ohio Appeals, 2nd Dist, Greene Co

Decided January 30, 1941

Chester K. Gillespie, Cleveland, for plaintiff-appellee.

Charles F. Points, Jr., Xenia, for defendant-appellant.

### OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment in favor of the plaintiff in the sum of $994.07. Appellant assigns eight errors, to all of which we have given attention.

The action was for a balance claimed to be due the plaintiff on a continuing contract for his services as a teacher in the defendant university, from February 15, 1930, until June 30, 1939, at a monthly salary of $180.00.

The university claimed that it had settled in full with plaintiff by a check in the sum of $162.00, dated June 30, 1939, on the back of which there was the following: "This is to certify that the endorsement below acknowledges payment in full for services to Wilberforce University to date." Plaintiff, before presenting the check for payment, scratched the notation off the back thereof after having called his action to the attention of Mr. Valentine, Secretary-Treasurer of the University. It is the claim of defendant that the cashing of the check constituted an accord and satisfaction of plaintiff's claim.

Defendant further asserts that most, if not all, of plaintiff's claim is barred by the statute of limitations because his contract was from year to year. It also asserts that the plaintiff was bound to accept a 10% reduction in his salary from the year 1933 until he took a leave of absence in 1939, both by reason of action of its trustees and by the direction and consent of plaintiff that the cut be made. There is dispute in the record as to the method of deducting the 10% from the salary of plaintiff, whether by paying him the difference only between $1800.00 and the 10% cut, treating the deduction as a gift, or by payment to him as total salary due the amount due after a deduction of the 10%.

The University charged Mr. Kiser's account with the 10% deduction during the whole period from 1933 to 1939. In certain instances a check was made to him in the amount representative of the 10% and he endorsed it to the University. In other instances no check was made and the charge was made as a book transaction only. Mr. Kiser denied that he had at any time authorized a deduction of 10% in any form from his salary.

The evidence of the University is very meager and not at all satisfactory to support the claim that it was agreed by Mr. Kiser that he would accept a reduction. The trial judge was correct in finding that the trustees had entered no formal resolution in its records indicative of a purpose to enforce the cut and that it could not, without plaintiff's consent, reduce his salary after it had been fixed for a certain period.

The difficulty in supporting plaintiff's claim in this case is that on several occasions checks were made to him in the amount of the 10% reduction which he endorsed to the University. This course of conduct is inconsistent with the claim that he at no time authorized the reduction in his salary.

However, we are not disposed to disturb the finding and judgment of the trial judge who acted in the absence of a jury, and his opinion shows very careful and painstaking attention to the manifold items represented by the respective accounts of the parties. We can not say that his finding and judgment on the facts is unauthorized or manifestly against the weight of the evidence.

We, therefore, without further discussion, hold against the appellant on all assignments of error, save and except the third, which is that the "court erred in not permitting the check for $162.00 with notation thereon, to serve as accord and satisfaction."

The account as set up by the plaintiff in his petition was inexact and admitted by him to be based upon a "guess", as he put it. At the best it was but an approximation of the sum which he estimated was due him. He says that he was liberal toward the University in his computation. His case was made upon the books of the defendant.

The account of the defendant covering a number of years was extended and included not only the credits to the plaintiff of his salary of $1800.00 per year on a monthly basis, but also set out charges, including the 10% cut, gifts to football training table, credits to at least four students for their tuition, allowance to Mr. Valentine for board and room of plaintiff, board at the halls of the University entered at intervals, and other gifts and donations.

The plaintiff denied any authorization in the form of gift to the football training table, most of the other gifts, the claim of Mr. Valentine, the authority to charge his account with the tuition of the students, some of the charges for board, and, as we have heretofore said, disputed the right of the University to charge his account with the 10% reduction. Thus, there arose between the parties a dispute as to the amount due the plaintiff, he insisting that he was entitled to full payment of his salary accruing, less that which had been paid to him, without any deduction of 10% and without charge of any of those items which he

insisted he had not authorized the University to make. This, in our judgment, presented a controversy as to an unliquidated claim. In this situation the University tendered the plaintiff the check in the sum of $162.00 with the notation on the back thereof to which we have heretofore referred, and he cashed it under the circumstances heretofore indicated.

The trial judge took the view that, inasmuch as the endorsement on the back of the check had been scratched off before its presentation for payment, and this fact was known to Mr. Valentine, representative of the University, there was no meeting of the minds, and therefore no accord and satisfaction; and further was of opinion that the University, if it cared to protect itself against the collection of the check, could have stopped payment thereon. We can not adopt this view of the matter, and are of opinion that in the situation presented accord and satisfaction is completely established.

Here there is presented a bona fide dispute between the parties as to an unliquidated amount; one party tenders to the other a check in the amount which it claims is due the other party and on this check there is the notation of acknowledgment of payment in full for the services for which the payment is tendered. The payee, then, upon the receipt of this check has two courses which he may follow; he may either refuse to accept it and not present it for payment, or he may present it for payment, but he cannot, without the consent of the payer, remove therefrom the condition upon which it was tendered. Here, the payee elected to present this check, and he must be held to have collected it upon the terms under which it was tendered, namely, full settlement of his disputed, unliquidated claim. The payee can not accept the benefit of the check and refuse the condition under which it was tendered, unless the payer has waived this condition and permitted it to be paid as a credit on account and not in full settlement thereof.

1 C. J. S., 529, 534.
**1 O. Jur. 161.**
1 R. C. L, 196.
**Seeds, Grain & Hay Co. v Conger, 83 Oh St 169.**
**Toledo Edison Co. v Roberts, 50 Oh Ap 74.**
**Bettman et v Sporkin et, 6 Oh Ap 23.**

A complete discussion of the essentials of an unliquidated claim is found in the last edition of "Words and Phrases", under that title.

The judgment will be reversed upon the third assignment of error and final judgment entered for defendant-appellant.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.