**PLATT, Plaintiff-Appellee, v. PENETRYN SYSTEM, INC., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20952. Decided November 29, 1948.

K. J. Ertle, Cleveland, for plaintiff-appellee.

Edmiston, Boldizer, Schneider & Zellmer, Howell, Roberts & Stapleton, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This action comes to this court on questions of law. The plaintiff filed his petition in common pleas court of Cuyahoga county seeking a judgment for money claimed to be due him under the terms of a contract of employment whereby said plaintiff was employed by defendant as a construction engineer. It is the claim of plaintiff that he was employed by defendant in November, 1939, at a salary of $100.00 a week and

that he left defendant's employment about Dec. 18, 1946. Some time in 1942 in addition to his weekly salary, defendant voluntarily inaugurated a bonus plan by which it agreed to pay plaintiff and all other superintendents a bonus computed at 35% of the savings or net profit on the separate jobs on which each superintendent was in charge; any losses on any of the jobs of a superintendent during any fiscal year to be deducted in fixing the amount of his bonus. It is the claim of plaintiff that while he received all of the salary to which he was entitled during the time of his employment, there is still due him about $11,000 under the bonus arrangement for which amount, or for such amount as is found due upon an accounting, he asks judgment.

Defendant's answer admits that plaintiff was employed as a superintendent. The defendant denies specifically and generally all of the other material claims of plaintiff, except the payments made to plaintiff for salary and bonus, and further alleges that in 1941 an incentive bonus plan was voluntarily adopted for all of its superintendents, including the plaintiff, whereby they were to receive 35% of the net savings between the contract price and cost price of each job. It is further alleged that any loss suffered on a job was to be deducted from the gross savings of such superintendent for such fiscal year. To insure good workmanship, any fault in construction which had to be repaired on complaint of a customer within a reasonable number of years after the work was done, the cost thereof was to be deducted from the bonus of such superintendent. It was further alleged that the construction costs and bonus for each fiscal year of each superintendent should be determined from the ledger or book records of defendant and such determination should be final.

Defendant then set forth an accounting for three separate fiscal years while the bonus system was in effect during plaintiff's period of employment, and alleged that they made final and full payment of the amounts thus coming due to the plaintiff. It is alleged that the last and final payment being by check in the sum of $1,108.97 was sent to plaintiff on Feb. 5, 1944, and on the face of said check was set forth "payment in full, all compensation due." The defendant further alleges that after the plaintiff received said check he held it, making claims for a larger amount until August, 1944, when he accepted said check and cashed same in accord and satisfaction thereof.

Plaintiff's reply denies that he entered into an accord and satisfaction of his cause of action and denies generally the allegations of defendant's answer.

Upon trial of the issues thus presented, the court without the intervention of a jury found for the plaintiff in the sum of $3,716.86, with interest from April 30, 1943 and costs.

The defendant's appeal on questions of law claims the following errors:

"1. The judgment of the court of common pleas is contrary to law because it entered a judgment for plaintiff notwithstanding a defense of accord and satisfaction.

2. The judgment of the court of common pleas is not sustained by sufficient evidence.

3. The court erred in overruling the motion of defendant for judgment made at the conclusion of all the evidence."

The first question thus presented is whether or not the cashing of the check issued by defendant to plaintiff after he left defendant's employment with the legend thereon "payment in full all compensation due." constituted an accord and satisfaction and therefore a bar to this action.

There is no conflict in the evidence as to the fact that plaintiff after disputing the amount of the check claiming a much larger amount due him as bonus (it being admitted by him that his salary was paid in full) cashed the check. The plaintiff's evidence on this point was in brief as follows:

After receiving the check, which was mailed to him at Pampa, Texas, he wrote a long letter to Mr. Needham, Vice-President of defendant in charge of the territory west of Pennsylvania, making claim for an additional amount. Mr. Needham wrote back that he had no means of knowing what the state of plaintiff's account with defendant was because the records were all in Albany at the home office, and he advised plaintiff that he had sent all the information plaintiff had sent to him, to Mr. Roth and further advised plaintiff to go to Albany to go over the books with Mr. Roth, auditor of the defendant. The plaintiff, after waiting some time, called Mr. Needham on the telephone and then feeling that he was not making progress on his claim, employed counsel in Amarilla, Texas. After their attempt to negotiate a settlement the Texas lawyers advised the plaintiff to come to Cleveland. In Cleveland he had a conference with Mr. Needham. In telling of the occasion the plaintiff testified in part:

"Q. Did you show him the check?

A. No, I didn't show it to him, but I had it. And he said that didn't make any difference about the check. If I was due any moneys that I would get a fair deal on it."

* * *

"Q. When you say "that didn't make and difference about the check" what were you referring to?

A. About being marked "payment in full."

Q. You are referring, then, to the legend across the upper left-hand front corner which says "payment in full all compensation due?"

A. I do. Yes sir.

Q. He said to you that that didn't make any difference that you should go ahead and cash the check?

A. Yes.

Q. Now, during those two hours, you must have talked a lot of other things besides this one check. I would like to have you go ahead and tell the court what those conversations were about. Tell what you said and what requests or demands you made of him, and what he said or what Mr. Babcock said. You had better take one at a time however.

A. Well, I told Mr. Needham unless I could get some kind of a settlement or arrangement, if he could make arrangements or I could make a settlement, that I was going to be forced to enter. suit against them for it."

* * *

"Q. In that conference with me, was the matter of the check brought up?

Mr. Edmiston: I object, Your Honor.

The Court: Now—well he may answer that 'yes' or 'no.'

A. Yes."

* * *

"Q. What did you do, following that time, about the check then?

A. I asked—I told you that I could use the money that was involved."

* * *

"Q. Were you advised by me in reference to the cashing of the check?

Mr. Edmiston: I object.

A. Yes, sir, I was.

The Court: He may answer, subject to a motion to exclude it. You may answer.

A. Yes, I was advised by you.

Q. And what was that advice?

Mr. Edmiston: I object.

The Court: Now, you answer.

A. You advised me that it was all right for me to cash the check, the fact that it says that it was payment in full for all moneys due, or something similar, that it was all right for me to proceed and cash the check."

In their argument before the court, on defendant's objection to the foregoing evidence, and in stating what the plaintiff expected to establish thereby, and in explaining upon what grounds the check was cashed, counsel for plaintiff said that the plaintiff "vitally needed the money" because he had been unemployed for some time, and 'second, that it was cashed on advice of counsel because the legend "paid in full all compensation due" did not constitute an accord and satisfaction where there was absolutely no meeting of the minds and where the fact that he (the plaintiff) objected to the proposed settlement and claimed additional remuneration all the way through this matter, that there was no meeting of the minds and that the check was cashed as a result of that advice.

There is not even a suggestion in the evidence that the plaintiff cashed the check relying on any statement of Mr. Needham that the legend on the check was waived by defendant or that Mr. Needham, as vice-president, whose job was to supervise the work west of Pennsylvania, had any authority to waive such provision. The plaintiff complained many times (his testimony is between twenty and forty times) to Mr. Needham about claimed shortages of bonus payments received by him. In all of these conversations, it appeared clearly that all Mr. Needham would do was to advise the home office of the complaint and ask them to see whether or not there was any money due the plaintiff. All of this evidence taken in its most favorable light for plaintiff tends to establish that Mr. Needham had no authority to determine the amount of bonus due plaintiff or to order a settlement thereof or waive an accord and satisfaction placed on a check in tendering payment of the claimed balance due.

In dealing with the claim of the plaintiff that Mr. Needham waived the accord and satisfaction placed on the check, which plaintiff cashed, it must be further observed that the issue of waiver (which would be an affirmative defense) is not raised by the pleadings. The defendant's answer alleges an accord and satisfaction between the parties in the claims set forth in plaintiff's petition to which claim the plaintiff by reply alleges: * * *

"Now comes the plaintiff and for his reply to the answer of defendant, The Penetryn System Inc., denies that he entered into an accord and satisfaction of his cause of action against the defendant * * *."

There was, therefore no issue of waiver presented. And further there is no evidence to support such issue or that

Mr. Needham had the authority to waive the condition upon which the check was issued and delivered to the plaintiff. **Globe Indemnity Co. v. Wassman, 120 Oh St 72.**

We come now to consider whether plaintiff in cashing the check with the legend of "in full all compensation due" thereon after notifying the defendant that he would not accept the check in full settlement of his claim for bonus because he claimed a much larger amount due him, constituted an accord and satisfaction of such claim.

The general rule as to the effect of tendering a check with a legend thereon notifying the payee that the check was issued in full for the payee's demands against the maker where there is a legitimate controversy as to the amount of the debt of the maker to the payee is settled in this state by the case of **Seed Co. v. Conger, 83 Oh St 169.** The syllabus of this case is as follows:

"1. Where there is a bona fide dispute over an unliquidated demand and the debtor tenders an amount less than the amount in dispute, upon the express condition that it shall be in full of the disputed claim, the creditor has but one alternative; he must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it entirely, or if he has received the amount by check in a letter, he must return it.

2. Where in such case the creditor retains a check which was sent upon the condition that it shall be in full satisfaction of the debt claimed to be due, and received the money thereon and notifies the debtor that the amount is placed to his credit but that he does not intend that the same shall close up the matter in dispute, to which the debtor makes no reply, such silence by the debtor does not amount to a withdrawal of the condition which accompanied the tender, nor to a waiver of it. The transaction is an accord and satisfaction."

It is the claim of plaintiff that because he notified the defendant that he refused to accept the amount for which the check was drawn in full settlement of his claim, and after such notification a long period of negotiation between the parties ensued whereby plaintiff tried to induce defendant to pay a larger amount, and that defendant having failed during such period to stop payment on the check or otherwise make the funds upon which it was drawn unavailable to plaintiff, that either by such conduct they consented to the use of the

check by the plaintiff without an accord and satisfaction of his claim, or because such facts clearly showed there was not a meeting of the minds of the parties on a settlement of the dispute between the parties that an accord and satisfaction was not accomplished by plaintiff thereafter presenting the check for payment and receiving the money thereon. Such theory cannot be sustained.

The plaintiff in advancing these claims relies on the case of this court, **Burton Coal Co. v. Gorman Coal Co., 22 Oh St 383.** The facts of the Burton case involved a disputed account between the parties. The Burton Coal Company issued a check for the balance it claimed to be due The Gorman Coal Company with a notation on the check of "in full of account." Gorman protested the amount of the check and when Burton received notice of such dissatisfaction, his answer to Gorman was in substance that the matter was up to the Gorman Coal Company. The Gorman Coal Company thereupon cashed the check and applied the proceeds on the account and brought action for the balance. The opinion of the court seems to hold that it became a question of fact as to whether the statement of Burton constituted a waiver of the legend of the check "in full of account." If that be so, then the case is not in point on the issues presented in the instant case. If the opinion of the Burton case should be construed to mean that, after receiving a check with the legend thereon stating it is in full payment of an unliquidated claim and the creditor notifies the debtor that he will not settle the claim for the amount of the check and thereafter cashes the check and brings action for the amount claimed due less the amount of the check, that the creditor under such circumstances is entitled to recover and an accord and satisfaction is not thereby established because of the fact that there was not a meeting of the minds of the parties on the question of accord and satisfaction, we are not disposed to follow the authority of such holding because it would be in direct conflict with the following cases:

Seed, Grain & Hay v. Conger, supra; **Toledo Edison Co. v. Roberts, 50 Oh Ap 74; Keser v. Wilberforce University, 33 Abs 438.**

The trial court in disposing of the question of accord and satisfaction said:

"On the theory of the Conger case, supra, we believe that the facts in the instant case show conclusively that there was no meeting of the minds and that the cashing of the check would not constitute accord and satisfaction."

The court then concluded, upon the issue of accord and satisfaction that such fact was not established by sufficient proof. The record conclusively shows, however, that unless there was a waiver by the defendant of the legend "payment in full of all compensation due" before the plaintiff cashed the check, the cashing of the check would as a matter of law constitute a complete settlement of plaintiff's claim for compensation.

Having concluded that the issue of waiver was not presented by the pleadings and there was no evidence in support of such waiver, the judgment of the trial court is reversed and final judgment entered for defendant appellant. **Exc.** Order See Journal.

MORGAN, J, concurs.
HURD, PJ, dissents. (See dissenting opinion.)

HURD, PJ, (dissenting)

I am of the opinion that the judgment of the common pleas court should be affirmed and therefore I regret that I must dissent from the majority opinion and judgment.

My principal point of disagreement with the majority is because of the assumption that only a question of law is presented by this record in relation to the defense of accord and satisfaction, whereas I am firmly of the opinion that only an issue of fact is presented.

The plaintiff appellee filed his petition for money with request for ancillary relief of accounting to determine the exact amount due from his employer, the defendant appellant, under an incentive bonus plan. The defendant by way of answer set up the defense of accord and satisfaction, in addition to other defenses, which issue was traversed by denial in the reply.

In the present case I think it is important to remember that a period of over six months elapsed between the time the check in question was delivered and the time it was cashed; that in the meantime extended correspondence was had between the parties and numerous conferences and discussions took place, culminating finally in a conference which took place at the Hollenden Hotel in Cleveland at which time, according to the testimony of the plaintiff, vice-president Needham stated to the plaintiff that it didn't make any difference that the legend "payment in full of all compensation" was on the check and that he could go ahead and cash it and that if any money was due him "he would get a fair deal on it." (Record, pages 144-145.)

In view of all the surrounding facts and circumstances and particularly this testimony, it became a question of fact to be determined by the trial judge as to whether the defense of accord and satisfaction had been sustained by the requisite degree of proof. The court determined this issue in favor of the plaintiff. Thus, an issue is squarely raised on a question of fact and the judgment should not be reversed unless it is, found that the same is clearly and manifestly against the weight of the evidence. The state of this record is such that in my opinion this reviewing court should not reverse the judgment on that ground.

The authorities in Ohio are in agreement on the proposition that the defense of accord and satisfaction must be specially pleaded and is then one of fact to be determined by the trier of the facts, either court or jury, the burden of proof thereof being upon the pleader.

**1 O. Jur. 166-167, Sec. 12:**

"The existence of accord and satisfaction is a question of fact and the burden of proof is on the defendant who pleads accord and satisfaction to sustain such plea."

Citing **J. P. Burton Coal Company v. Gorman Coal Co. 22 Oh Ap 383, 15 N. E. 863.** This case was decided by this court of appeals on Mar. 15, 1926, and a motion to certify was overruled by the supreme court on May 26, 1926.

It was there held that accord and satisfaction is a question of fact for court or jury, and that a reviewing court cannot disturb verdict as against manifest weight of evidence, unless record shows fact and circumstance which shocks senses, or grave error and injustice in misapprehension of facts.

In case where the creditor notified the debtor that check with legend "in full settlement of our account to date" would not be so accepted and notified debtor that it would deposit and collect the check **tacit acquiescence** therein by debtor held not to show accord and satisfaction.

In this case the trial court could conclude from the evidence that there was much more than merely **tacit acquiescence** by debtor. It could have concluded that there was an **express authorization** to the creditor to cash the check without waiving his rights. In any event I believe that the trial court is sustained by the record in the following statement as contained in his written opinion:

"Upon examination of the authorities and the application of the established principles of law of Ohio to the factual situation in this case we have come to the conclusion that the defense of accord and satisfaction has not been sustained by the requisite degree of proof."

Referring again to the case of Burton Coal Co. v. Gorman Coal Co., supra,

Sullivan, J., at page 386 of the opinion quotes with approval the following from Worcester Collar Co. v. Henry Woods Co. 209 Mass. 105, 95 N. E. 393:

"It is not every use of the words 'in full to date' or equivalent phrase, which constitutes an accord or satisfaction in connection with a payment of a controverted claim. Many cases have arisen where the conditions have been such as make it a question of fact whether there has been an accord and satisfaction, even though these words have been used where a payment has been made. This case falls within that class.

It is rarely that a presiding judge can rule as a matter of law that a burden of proof depending upon inferences from circumstances and oral testimony has been sustained. Usually a question of fact is presented."

See also 1 O. Jur. 169, Sec. 15:

"Appeal and Error:—The existence of accord and satisfaction being a question of fact, the finding of the trial court on this issue will not ordinarily be disturbed by the reviewing court in the absence of some fact or circumstance appearing on the record which shocks the senses or makes it appear that grave error and injustice has been done by a misapprehension of facts in the record."

See also Morton v. Siebler Clothing Co. 21 Oh Ap 393, 153 N. E. 227.

The majority opinion seems to rest primarily upon the case of Seeds, Grain & Hay Co. v. Conger, 83 Oh St 169, where only a question of law was presented upon undisputed facts. In that case the trial court at the conclusion of all the evidence upon motion directed a verdict for the defendant. The supreme court affirmed. That case must be clearly distinguished from this case on the facts. In that case, there were no negotiations concerning the check, but merely a notice by the creditor to the debtor that the amount of the check was

credited upon account. Upon receipt of this information, the debtor remained silent. The supreme court held that such silence on the part of the debtor did not amount to a waiver or the withdrawal of the conditions of full settlement and that the transaction was, therefore, an accord and satisfaction as a matter of law. Hay etc v. Conger is a leading and authoritative case and when applicable should be followed. The record here, however, presents an entirely different situation. True, we have here a disputed unliquidated claim. But we also have here a dispute as to the facts with the burden of proof resting upon the defendant to establish its defense of accord and satisfaction by a preponderance of the evidence. The trial court was called upon to weigh the evidence and to draw inferences from circumstances and oral testimony considered in relation to documentary exhibits. Thus a question of fact was presented by the record and having been determined by the trier of the facts, should not now be disturbed.

With respect to the amount of the judgment allowed the plaintiff on an accounting in the sum of $3716.86 with interest from April 30, 1943, it appears to me that here again there is presented a question of fact upon disputed issues of fact. The opinion of the trial judge indicates a careful consideration of the matters in dispute in determining the amount due plaintiff and I cannot find that the judgment in this respect is against the manifest weight of the evidence.

There is another serious question raised by this reversal and and that is whether or not the three judges of this court should concur in a reversal. This action was instituted in the court of common pleas, Sept. 20, 1944, prior to the constitutional amendment of Sec. 6, Art. 4 which by its terms became effective Jan. 1, 1945, applying only to cases instituted since January 1, 1945. If I am correct in my conclusion that this case involves only questions of fact upon the weight of the evidence, then clearly all three judges of the court must concur in a reversal in accordance with the provisions of the Constitution in effect prior to January 1, 1945.

For the reasons above stated it is my conclusion that the judgment of the common pleas court should be affirmed.